[Cite as *Downing v. Downing*, 2015-Ohio-459.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Tiffany Downing

     Appellee

v.

Amos Downing, et al.

     Defendants

[William Bartle & Erin Bartle-Appellants]

Court of Appeals No. E-13-044

Trial Court No. 2010-DR-0115

**DECISION AND JUDGMENT**

Decided: February 6, 2015

* * * * *

Tiffany Downing, pro se.

James L. Murray, for appellants.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellants, William and Erin Bartle, appeal from a judgment of the Erie County Court of Common Pleas, Domestic Relations Division, denying their motion for court ordered visitation with their grandchildren. This court affirms.

{¶ 2} Appellee, Tiffany Downing, filed for divorce from her husband, Amos Downing, on June 25, 2010. The parties have two young sons. On August 2, 2010, Amos Downing's parents, appellants, filed a motion for a permanent order granting them visitation rights with their grandsons. Following a two day hearing, their motion was denied. Appellants now appeal setting forth the following assignments of error:

I. Whether [the trial judge's] 7-19-2013 decisions demonstrate an attitude which was arbitrary, unreasonable or unconscionable as a result to false statements made by plaintiff's counsel designed to disparage the Bartles in the eyes of the court.

II. Whether the 7-19-2013 judgment entry terminating the Bartle's visitation and denying a permanent order for visitation was in the best interests of the minor children [A.W.] and [S.D.]. Was this decision against the manifest weight of the evidence?

III. Whether a shared parenting plan can be used as the basis for denial of visitation under R.C. 3109.051. Did [the trial judge] err in finding as a matter of law that a court cannot approve a shared parenting plan until it rules on motions for grandparent/companionship visitation pursuant to R.C. §3109.04?

IV. Whether the GAL's recommendation that the paternal grandparents not be granted court ordered visitation was improperly influenced by his dual role as mediator as well as GAL, and by his failure

2.

to properly conduct an investigation as to whether the Bartle's visitation was in the children's best interests. Was the GAL's recommendation based upon his personal view as to what the relationship should be in a post-divorce "family" as opposed to what was in the best interests of these children based on the facts of this case. The GAL and the court confused parenting and visitation time and erroneously construed the Bartle's motion as one for parenting time when it was in fact for visitation.

{¶ 3} We will consider appellants' detailed assignments of error together as they all turn on the same question: whether or not the trial court abused its discretion in denying appellants court ordered visitation.

{¶ 4} We begin our analysis with R.C. 3109.051(B) which provides that a trial court may grant reasonable visitation rights to grandparents if the court determines that such visitation is in the child's best interests. The trial court has broad discretion as to visitation issues, and its decision will not be reversed absent an abuse of discretion, such that the decision is unreasonable, arbitrary or unconscionable. *Anderson v. Anderson*, 147 Ohio App.3d 513, 771 N.E.2d 303 (7th Dist.2002). When determining whether to grant visitation rights to a grandparent, the trial court is required to consider the 16 factors listed in R.C. 3109.051(D):

> (1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity

3.

or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

(2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;

(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

(4) The age of the child;

(5) The child's adjustment to home, school, and community;

(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

(7) The health and safety of the child;

(8) The amount of time that will be available for the child to spend with siblings;

(9) The mental and physical health of all parties;

(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;

(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * *;

(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * *;

(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

(14) Whether either parent has established a residence or is planning to establish a residence outside this state;

(15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;

(16) Any other factor in the best interest of the child.

**{¶ 5}** At the time of the hearing, the children were ages nine and seven. It is undisputed that appellants have spent a great deal of quality time with their grandchildren from the day they were born. Appellants live in close proximity to their grandchildren which further facilitates their involvement in their lives. Grandmother is a healthy retiree without commitments on her time allowing her to always be available for the boys. According to the guardian ad litem's ("GAL") report, the nine year old is well adjusted in school while the seven year old has some behavioral difficulties. The court did not interview the boys regarding their wishes noting that it appeared obvious the boys enjoyed being with their grandparents. Moreover, the court found that the boys' interests were well protected by the GAL. There are no health or safety concerns regarding these boys. They have grown up with an older, half-sister who resides with their mother. Amos Downing briefly denied his parents visitation with the boys when his mother expressed disapproval over his girlfriend. Grandmother testified that she and her son sometimes have a strained relationship but she continues to support him. Neither grandparent has a criminal record. There was no evidence that the grandparents have ever infringed on either Downings' court ordered parenting time. The grandparents have no intentions of moving out of Ohio. Tiffany Downing opposed court ordered

6.

grandparent visitation. She acknowledged that the grandparents love and care for her children and that her children enjoy being with their grandparents. Her reason for opposing court ordered visitation is that she believes the grandparents already see enough of the children when they are spending their shared parenting time with their father. Amos Downing supports a visitation order for his parents because he does not believe that he is allotted enough time with his children under his shared parenting plan.

{¶ 6} R.C. 3109.051(D) (16) requires the trial court to consider any other factors in the best interest of the children. The GAL recommended against court ordered visitation with the grandparents, not because of any health or safety concerns, but because it is apparent that the grandparents are already able to spend significant periods of time with their grandchildren. When Amos Downing has the children pursuant to the shared parenting agreement, the record shows that the grandparents often help their son out with the care of the children because of his work schedule.

{¶ 7} It is clear that the grandparents in this case are loving, positive influences in the lives of their grandchildren. However, due to the divorce of the parents, the children are already disrupted by the fact that they are transferred between their parents six times in a two week period. When their son is working or pursuing outside interests during his shared parenting time, the grandparents regularly take over the care of the children. In sum, this is not a case where the grandparents have been denied meaningful contact. Quite the contrary.

7.

{¶ 8} Having reviewed the entire record and in consideration of all of appellants' numerous arguments, we cannot conclude that the trial court abused its discretion in finding it to be in the best interests of the children to deny appellants court ordered visitation. Appellants' assignments of error are found not well-taken.

{¶ 9} Justice having been afforded the parties complaining, we affirm the judgment of the Erie County Court of Common Pleas. We order appellants to pay the costs of this appeal, pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

_____
JUDGE

Thomas J. Osowik, J.

Stephen A. Yarbrough, P.J
CONCUR.

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.